IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| DEABLO CLENTSCALE, | ) | |
| | ) | |
| Plaintiff | ) | |
| | ) | |
| vs. | ) | Civil Action No. 07-307J |
| | ) | Judge Kim R. Gibson/ |
| JEFFERY A. BEARD, Secretary, | ) | Magistrate Judge Amy Reynolds Hay |
| Pennsylvania Department of Corrections; | ) | |
| GEORGE N. PATRICK, Superintendent, | ) | |
| SCI Houtzdale; KENNETH CAMERON, | ) | |
| Deputy Superintendent for Centralized | ) | |
| Services; RANDALL BRITTON, Deputy | ) | |
| Superintendent for Facilities; | ) | |
| MUHAMMAD NAJI, M.D., Medical | ) | |
| Director, | ) | |
| | ) | |
| Defendants | ) | Re Dkt. Nos. [6] & [13] |

## REPORT AND RECOMMENDATION

**RECOMMENDATION**

It is recommended that the motion to dismiss, Dkt. [6], filed by the DOC Defendants, be granted in part and denied in part. It should be granted as to Plaintiff's procedural due process claim but denied as to Plaintiff's Eighth Amendment claim. It is further recommended that Dr. Naji's motion to dismiss, Dkt. [13] be denied. However, to the extent that Plaintiff's complaint seeks to make a procedural due process claim against Dr. Naji, any such procedural due process claim against Dr. Naji should be dismissed pursuant to the screening provisions of the PLRA for failure to state a claim upon which relief can be granted.

**REPORT**

Deablo Clentscale ("Plaintiff"), a state prisoner, proceeding with privately retained

counsel, has brought a civil rights action against Pennsylvania Department of Corrections ("DOC") officials for allegedly inadequate treatment of his Methicillin-resistant Staphylococcus Aureus ("MRSA") infection while he was housed at SCI-Houtzdale. The suit is brought pursuant to 42 U.S.C. § 1983 on federal claims of deliberate indifference and denial of procedural due process. In addition, Plaintiff brings state law claims of violations of the Pennsylvania State Constitution pursuant to this Court's supplemental jurisdiction.

**Standard of Review**

As the United States Supreme Court recently held in Bell Atlantic Corp. v. Twombly, 127 S. Ct. 1955 (2007), a complaint may properly be dismissed pursuant to Fed. R. Civ. P. 12 (b)(6) if it does not allege "enough facts to state a claim to relief that is plausible on its face." Id. at 1974 (rejecting the traditional 12 (b)(6) standard set forth in Conley v. Gibson, 355 U.S. 41, 45-46 (1957)). Under this standard, the Court must accept as true all factual allegations of the complaint and all reasonable inferences must be viewed in the light most favorable to plaintiff. Angelastro v. Prudential-Bache Securities, Inc., 764 F.2d 939, 944 (3d Cir. 1985). The Court, however, need not accept inferences drawn by plaintiff if they are unsupported by the facts as set forth in the complaint. See California Pub. Employee Ret. Sys. v. The Chubb Corp., 394 F.3d 126, 143 (3d Cir. 2004) (citing Morse v. Lower Merion School Dist., 132 F.3d 902, 906 (3d Cir. 1997)). Nor must the Court accept legal conclusions set forth as factual allegations. Bell Atlantic Corp., 127 S. Ct. at 1965 (citing Papasan v. Allain, 478 U.S. 265, 286 (1986)).

The question to be resolved is, taking the factual allegations and all reasonable inferences to be drawn therefrom, are the "factual allegations . . . enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true even if

doubtful in fact[.]" Bell Atlantic Corp. v. Twombly, 127 S.Ct. 1955, 1964-1965 (2007). Or, put another way, a complaint may be dismissed pursuant to Fed.R.Civ.P. 12(b)(6) for failure to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." Id. at 1974.

Lastly, it is the defendant who bears the burden of establishing that the complaint fails to state a claim upon which relief can be granted. Gould Electronics, Inc. v. United States, 220 F.3d 169, 178 (3d Cir. 2000).

**Discussion**

The complaint alleges both an Eighth Amendment claim and a Fourteenth Amendment procedural due process claim. We address each in turn.

<u>Eighth Amendment Claim</u>

The Eighth Amendment provides that "[e]xcessive bail shall not be required, nor excessive fines imposed, nor cruel and unusual punishments inflicted."[1] The Supreme Court has explained that analysis of a violation of the Eighth Amendment involves a two pronged inquiry: (1) an objective inquiry into the qualitative nature of the harm suffered by the victim of the alleged punishment and (2) a subjective inquiry into the mind of the person inflicting the harm.

---

[1] Technically, the Eighth Amendment applies to the states through the Fourteenth Amendment. See Estelle v. Gamble, 429 U.S. 97, 101-02 (1976) (citing Robinson v. California, 370 U.S. 660 (1962)). The standards of the Eighth Amendment barring the federal government from inflicting cruel and unusual punishments are the standards applicable to the States through incorporation by the Fourteenth Amendment's due process clause. See Sistrunk v. Lyons, 646 F.2d 64, 66-67 (3d Cir. 1981)(citing Robinson v. California). The standards under the Eighth Amendment and the standards under the Fourteenth Amendment are fundamentally identical. Furman v. Georgia, 408 U.S. 238, 422 n.4 (1972)(Blackmun, J., dissenting) ("the tests for applying these two provisions are fundamentally identical."). Given this, the court will not separately analyze the Eighth and Fourteenth Amendments. Rather, the court will analyze Plaintiff's claims utilizing the standards of the Eighth Amendment and cases construing those standards.

3

See Wilson v. Seiter, 501 U.S. 294 (1991). Accord Sims v. Artuz, 230 F.3d 14, 21 (2d Cir. 2000)("A claim of cruel and unusual punishment in violation of the Eighth Amendment has two components–one subjective, focusing on the defendant's motive for his conduct, and the other objective, focusing on the conduct's effect."). As to the subjective component, the Supreme Court has held that deliberate indifference occurs when a prison "official knows of and disregards an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists and he must also draw the inference." Farmer v. Brennan, 511 U.S. 825, 837 (1994).

In the instant case, the complaint alleges the following: "all Defendants maintained an official but unwritten policy and practice of providing as little as possible necessary medical care to inmates, failing to provide appropriate medical testing and/or care, denying the existence of infectious disease in the prison, refusing to provide basic sanitation for inmates, and covering up the outbreak of infectious disease." Dkt. [1] at 3, ¶ 8. Furthermore, the complaint alleges that as a consequence, Plaintiff contracted MRSA and was improperly treated for it. Liberally construing this allegation, it sufficiently alleges and/or permits the inference that the Defendants were aware of serious risks to Plaintiff and inmates in general posed by infectious diseases due at least in part to the Defendants' refusal to provide basic sanitation for inmates and to their covering up rather than providing necessary information to inmates regarding outbreaks of infectious diseases. We find that this adequately alleges deliberate indifference on the part of the Defendants.

In addition, the Court rejects the DOC Defendants' argument that the complaint fails to allege their personal involvement in the wrongdoing. The complaint adequately alleges that the

4

Defendants had a role to play in promulgating and carrying out a policy of failing to provide adequate medical care, failing to provide adequate sanitation and failing to provide adequate preventative measures or proactive measures for dealing with infectious diseases in the prison. Such is a sufficient allegation of personal involvement.

The Court also rejects the argument by the DOC Defendants that "a supervisory official's misconduct cannot be merely a failure to act[,]" Dkt. [7] at 8, citing Commonwealth of Pennsylvania v. Porter, 659 F.2d 306, 336 (3d Cir. 1981). It is true that the Court stated in Porter that supervisory "**officials' misconduct cannot be merely a failure to act**. Such officials must have played an affirmative role in the deprivation of the plaintiffs' rights, i.e., there must be a causal link between the actions of the responsible officials named and the challenged misconduct." (emphasis added). However, the emphasized words are dictum taken out of context by the Defendants. The whole sense of the passage, in context, is that in order for a supervisor to be liable, a plaintiff must establish a causal link between the supervisor's "sins" (be they sins of omission or commission) and the constitutional injury.² It would be helpful to have

---

² The entire passage reads as follows:

> To afford relief against the members of the Borough Council, the requirements of Rizzo v. Goode, 423 U.S. 362, 96 S.Ct. 598, 46 L.Ed.2d 561 (1976), must be satisfied. Thus, the officials' misconduct cannot be merely a failure to act. Such officials must have played an affirmative role in the deprivation of the plaintiffs' rights, i. e., there must be a causal link between the actions of the responsible officials named and the challenged misconduct. Id. at 375-77, 96 S.Ct. at 606-07. As this court observed in Lewis v. Hyland, 554 F.2d 93 (3d Cir.), cert. denied, 434 U.S. 931, 98 S.Ct. 419, 54 L.Ed.2d 291 (1977), Rizzo "was aimed at the failure of plaintiffs to prove the existence of an unconstitutional policy or plan adopted and enforced by the official defendants. Throughout, the Court emphasized the complete absence of any causal link between the individual police officers' conduct and the responsible authorities. Mere invocation of the words 'pattern' or 'plan' did not suffice without this causal link." Id. at 98.

Id., at 336.

such dictum explicitly clarified. Nevertheless, the Court of Appeals more recently declared in Natale v. Camden County, 318 F.3d 575, 584 (3d Cir. 2003), that a supervisory policy maker and/or governmental employer may be liable "where 'the policymaker has failed to act affirmatively at all, [though] the need to take some action to control the agents of the government is so obvious, and the inadequacy of existing practice so likely to result in the violation of constitutional rights, that the policymaker can reasonably be said to have been deliberately indifferent to the need.' " (some internal quotation marks omitted). See also Robinson v. City of Pittsburgh, 120 F.3d 1286, 1294 (3d Cir. 1997) ("[o]ur cases have held that 'actual knowledge and acquiescence' suffices for supervisory liability because it can be equated with 'personal direction' and 'direct discrimination by the supervisor.'"), abrogated on other grounds by, Burlington Northern and Santa Fe Ry. Co. v. White, 548 U.S. 53 (2006); Black v. Stephens, 662 F.2d 181, 189 (3d Cir. 1981)(noting that "mere acquiescence by police chief when he is on notice of constitutional violations [by his subordinates] is sufficient to trigger liability under section 1983")(citing Maclin v. Paulson, 627 F.2d 83, 86 (7th Cir. 1980); Hampton v. Holmesburg Prison Officials, 546 F.2d 1077 (3d Cir. 1976). Hence, failure to act on the part of a supervisory official, and indeed the failure to act by any state actor, where the law imposes a duty to act, such as, for example, where the supervisor has knowledge of the violation, amounts to acquiescence and can form the basis for liability because of the supervisor's own wrongdoing, i.e., the supervisor's failure to act to correct or prevent constitutional wrongs. The instant complaint can be read to sufficiently allege such a scenario. Thus, on this basis, the DOC Defendants have failed to carry their burden to show entitlement to dismissal of the complaint against them.

Procedural Due Process Claim

The complaint alleges that on November 29, 2005, Plaintiff filed a DC-135A form which is an "Inmate's Request to Staff Member," which "outlined his grievance regarding the treatment of his malady." Dkt. [1] at 5, ¶ 20. On November 30, 2005, Defendant Britton responded to the DC-135A form, stating that "the prison medical staff had changed Plaintiff's treatment and that it would take a week to see if the prescribed medicine was effective. Plaintiff was never given a hearing or any other opportunity to be heard by the prison management regarding his grievance." Id., ¶ 21. Plaintiff then concludes that the "failure of the Defendants to allow Plaintiff an opportunity to be heard regarding his grievance about his improper medical care, filed on November 29, 2005 constituted a violation of his Due Process rights under the Fourteenth Amendment to the United States Constitution." Id., at 11, ¶ 57.

The DOC Defendants point out that the complaint fails to state a claim upon which relief can be granted essentially because Plaintiff was not entitled to a hearing insofar as no liberty interest was taken away from Plaintiff, i.e., he had no right to have a hearing on his DC-135A form. The DOC Defendants are correct that Plaintiff has failed to state a claim of procedural due process because he cannot establish a liberty interest.

The Fourteenth Amendment provides in relevant part that "nor shall any State deprive any person of life, liberty, or property, without due process of law." The "due process of law" essentially requires that the government provide a person notice and opportunity to be heard in connection with the deprivation of life, liberty or property. Zappan v. Pennsylvania Board of Probation and Parole, 152 Fed.Appx. 211, 220 (3d Cir. 2005)("The essential requirements of any procedural due process claim are notice and the opportunity to be heard."). Hence, to establish a

prima facie case of a procedural due process violation, a plaintiff must establish[3] (1) the existence of a liberty or property interest (2) that the state deprived the person of and (3) that the deprivation was accomplished without procedural protections of notice and an opportunity to be heard. See Rusnak v. Williams, 44 Fed.Appx. 555, 558 (3d Cir. 2002)("Procedural due process claims, to be valid, must allege state-sponsored deprivation of a protected interest in life, liberty or property. If such an interest has been or will be deprived, procedural due process requires that the governmental unit provide the individual with notice and a reasonable opportunity to be heard.")(citation omitted); Castro Rivera v. Fagundo, 310 F.Supp.2d at 434 (listing elements of prima facie case).

For present purposes, our procedural due process analysis involves a two step inquiry: the first question to be asked is whether the complaining party has a protected liberty or property interest within the contemplation of the Due Process clause of which he has been deprived and, if so, the second question is whether the process afforded the complaining party to deprive him of that interest comported with constitutional requirements. Shoats v. Horn, 213 F.3d 140, 143 (3d Cir. 2000). Plaintiff fails on both prongs as a matter of law.

Plaintiff essentially argues that he has a liberty interest in adequate medical care and that the Defendants deprived him of this liberty interest without procedural protections. Initially, the

---

[3] It is clear that Plaintiff has the burden. See, e.g., Smith v. City of Unadilla, 510 F.Supp.2d 1335, 1346 (M.D. Ga. 2007)("A plaintiff who asserts that a procedural due process violation has occurred, bears the initial burden of establishing that a protected property interest exists."); Castro Rivera v. Fagundo, 310 F.Supp.2d 428, 434 (D.Puerto Rico 2004)("It is not sufficient that a deprivation has occurred. Plaintiffs carry the burden of pointing to the lack of constitutionally sound proceedings at the state level. Rumford, 970 F.2d at 999. Plaintiffs must present evidence that the state does not have available review mechanisms comporting with minimum due process requirements."), aff'd. 129 Fed.Appx. 632 (1st Cir. 2005).

Court notes that Plaintiff's argument makes no sense to the court. Because, by hypothesis, deliberate denial of adequate medical care constitutes a violation of the Eighth Amendment, i.e., amounts to cruel and unusual punishment, it is inconceivable to this Court what procedural protections could apply to such a deprivation of a "liberty interest" which constitutionally cannot occur. If the Defendants are absolutely barred from inflicting cruel and unusual punishments, and they are, then a hearing would serve no purpose. The law does not require a useless act of providing a hearing where the outcome cannot be other than one outcome, i.e., the deprivation of adequate medical care is absolutely barred.[4] Consolidated Stores Intern. Corp. v. London Insurance and Reinsurance Market Assoc., No. C2-96-1047, 2001 WL 1681139, at *6 (S.D.Oh. Oct. 24, 2001)("Lex non cogit ad inutilia: the law does not require a useless act."). No matter what procedural protections accompanied such a deprivation, it would not matter constitutionally, the Defendants could not accomplish such. Plaintiff's claim is a claim solely cognizable for present purposes as a violation of Eighth Amendment standards. There simply is no liberty interest and no procedural due process claim.

Even if it were otherwise, and we could sensibly speak of procedural due process

---

[4] Cf. Charles Alan Wright & Charles H. Koch, Jr., 32 Fed. Prac. & Proc. Judicial Review § 8127

Chapter 2. Sources of Administrative Procedure
B. Due Process

If the law requires an agency or other government body to apply any standard in order to take a certain action then the affected individual has a right to whatever procedures will ensure that the agency correctly applies that standard. If the agency has unfettered discretion so that it can take the action without applying any designated standard, then no due process rights would be required. This inquiry makes sense because if there is no standard to apply then a hearing cannot be of any use. If no specific judgment is necessary to support the action, then a hearing would serve no purpose; there would be nothing to contest at the hearing.

9

protections attendant upon deprivation of the right to be free of cruel and unusual punishment, Plaintiff's claim would still fail. Plaintiff admittedly received process and had notice. He knew of his treatment, which he believed it to have been inadequate. Hence, he had notice, even if constructive notice only, that he was being deprived of treatment which, he, at least, deemed to be inadequate or unsatisfactory. Plaintiff then utilized a process whereby his complaint was heard, via the DC-325A form and he received a response, albeit apparently unsatisfactory. We find that this procedure provided adequate process to satisfy the procedural due process requirements of the Fourteenth Amendment of notice and an opportunity to be heard.

Furthermore, the Court takes judicial notice of the fact that the DOC had in place an Administrative Grievance process at DC-ADM 804,[5] which prisoners could utilize if they had a complaint about the conditions of their confinement. If Plaintiff were dissatisfied with the treatment, he had available to him, as a matter of law, the grievance process which allowed for his complaint to be heard and responded to and if he were dissatisfied with the response, the process provided him, not one, but two opportunities to appeal, i.e., two more additional opportunities to be heard. Merely because he did not to utilize this process does not mean that he was denied procedural protections. Rather, having been provided with such procedural protections, he cannot complain that he was deprived of any interest without process if he failed to utilize the very process put into place to address such inmate grievances. Farhat v. Jopke, 370

---

[5] DC-ADM 804 is available at

http://www.cor.state.pa.us/standards/lib/standards/DC-ADM_804_Inmate_Grievances
.pdf

See also Dkt. [13-6] at 17 to 31 (copy of the policy provided by Dr. Naji).

F.3d 580, 596 (6th Cir. 2004)("The law is well-established that it is the *opportunity* for a post-deprivation hearing before a neutral decisionmaker that is required for due process. . . . Consequently, where the employee refuses to participate or chooses not to participate in the post-termination proceedings, then the employee has waived his procedural due process claim."); Santana v. City of Tulsa, 359 F.3d 1241, 1244 (10th Cir. 2004)("A party cannot create a due process claim by ignoring established procedures."); Ewald v. Department of Waste Management, Com. of Va., 972 F.2d 339 (Table), 1992 WL 172673, at *5 (4th Cir. 1992)("Due process requirements are not violated merely because the plaintiff fails to take advantage of available procedures."); Dusanek v. Hannon, 677 F.2d 538, 543 (7th Cir. 1982)("a state cannot be held to have violated due process requirements when it has made procedural protection available and the plaintiff has simply refused to avail himself of them. ").

Lastly, to the extent that Plaintiff complains that he was entitled to an in-person hearing in order to satisfy procedural due process, the Court finds, as a matter of law, that the "paper hearing" provided to him via the DC-135A "request to staff" was adequate and that any such paper hearing that would have been provided to him via the grievance system, which he apparently did not utilize, likewise would have satisfied procedural due process requirements. Buttrey v. United States, 690 F.2d 1170, 1183 (5th Cir. 1982) ("We hold, in sum, that Buttrey's property interest, while important, is not overwhelmingly so; that the Corps' paper hearing procedures, with an informal face-to-face meeting, provided Buttrey with a great deal of procedural due process"); California ex rel. Lockyer v. F.E.R.C., 60 Fed.Appx. 23, 24 (9th Cir. 2003)("noting that a 'paper hearing' provides due process")(citing Sierra Assoc. for Envt. v. FERC, 744 F.2d 661, 663 (9th Cir. 1984)).

Accordingly, for any or all of the foregoing reasons, Plaintiff's Fourteenth Amendment procedural due process claim should be dismissed as against the DOC Defendants for failure to state a claim upon which relief can be granted.

### Dr. Naji's Motion to Dismiss

We next turn to Dr. Naji's motion. Treating it as a motion to dismiss, and utilizing the standards under Rule 12(b)(6), what we said above regarding the DOC Defendants' motion to dismiss applies equally to Dr. Naji's motion to dismiss:

> the complaint alleges the following: "all Defendants maintained an official but unwritten policy and practice of providing as little as possible necessary medical care to inmates, failing to provide appropriate medical testing and/or care, denying the existence of infectious disease in the prison, refusing to provide basic sanitation for inmates, and covering up the outbreak of infectious disease." Dkt. [1] at 3, ¶ 8. Furthermore, the complaint alleges that as a consequence, Plaintiff contracted MRSA and was improperly treated for it. Liberally construing this allegation, it sufficiently alleges and/or permits the inference that the Defendants were aware of serious risks to Plaintiff and inmates in general posed by infectious diseases due at least in part to the Defendants' refusal to provide basic sanitation for inmates and to their covering up rather than providing necessary information to inmates regarding outbreaks of infectious diseases. We find that this adequately alleges deliberate indifference on the part of the Defendants.

Supra, at pp. 4 to 5. Accordingly, Dr. Naji's motion, treated as a motion to dismiss under Fed.R.Civ.P. 12(b)(6), should be denied as to the Eighth Amendment claim.

To the extent that Plaintiff seeks to make a procedural due process claim against Dr. Naji, such a claim should be dismissed pursuant to the screening provisions of the PLRA, 28 U.S.C. § 1915A or 42 U.S.C. § 1997e(c) based on the above analysis of the procedural due process claim brought against the DOC Defendants.

### State Law Claims

At this stage of the proceedings, the Defendants have not met their burden to show that

the complaint fails to state a claim under state law against any of the Defendants. It is not clear to this court at this time that sovereign immunity bars this action, or, in other words, that the medical exception to sovereign immunity does not apply to the Defendants. Nor is it clear to this court that the State Constitution does not provide a private cause of action. <u>Laughman v. Com. of Pa.</u>, No. 1:05-CV-1033, 2006 WL 709222, at *8 (M.D.Pa. March 17, 2006)(noting the unsettled question of whether the State Constitution provided such a private cause of action). Accordingly, to the extent that the DOC Defendants and Dr. Naji sought to have the state law claims against them dismissed, the motions should be denied.

In accordance with the Magistrates Act, 28 U.S.C. § 636(b)(1)(B) & (C), and Local Rule 72.1.4 B, the parties are permitted to file written objections by July 28, 2008 and responses are due seven (7) days thereafter in accordance with the schedule established in the docket entry reflecting the filing of this Report and Recommendation. Failure to timely file objections may constitute waiver of any appellate rights.

Respectfully submitted,

*/s/ Amy Reynolds Hay*
United States Magistrate Judge

Dated: 10 July, 2008

cc: The Honorable Kim R. Gibson
United States District Judge

All counsel of record via CM-ECF